# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
ANTHONY D. BARNETT,              *
                                 *
     Plaintiff,                  *
                                 *
v.                               *
                                 *              CV 213-73
HEALTH CARE STAFFING, INC.;      *
GATEWAY BEHAVIORAL HEALTH        *
SERVICES; KRISTINE WALDRON;      *
VANESSA SHEARER; and CATHY       *
THOMPSON,                        *
                                 *
     Defendants.                 *
```

## ORDER

Presently before the Court is a Bill of Costs filed by Defendants Gateway Behavioral Health Services ("Gateway"), Vanessa Shearer, and Cathy Thompson (collectively, "Defendants"). Dkt. No. 60.[1] Plaintiff Anthony D. Barnett ("Plaintiff") has filed Objections to the Bill of Costs (dkt. no. 61), along with a supporting Affidavit (dkt. no. 64), and Defendants have filed a Response thereto (dkt. no. 62). Upon due consideration, Plaintiff's Objections (dkt. no. 61) are

---

[1] As Defendants Health Care Staffing, Inc. and Kristine Waldron have neither joined in the filing of the instant Bill of Costs nor separately filed any motion to that end, any reference to "Defendants" in this Order, as well as the ruling of the Court herein, are intended to apply only to those Defendants presently moving for an award of costs.

OVERRULED, and Defendants' Bill of Costs (dkt. no. 60) is GRANTED.

## BACKGROUND

This action arises out of the termination of Plaintiff's employment at Gateway. Dkt. No. 9, ¶¶ 34-64. On May 22, 2013, Plaintiff filed suit against Defendants in this Court, alleging discrimination and intentional infliction of emotional distress, in violation of federal and state law. Dkt. No. 1; Dkt. No. 9, ¶¶ 65-278. On March 30, 2015, the Court granted Defendants' Motion for Summary Judgment (dkt. no. 37) on all claims. Dkt. No. 58. The next day, the Clerk of Court entered final judgment in favor of Defendants and closed this case. Dkt. No. 59.

On April 17, 2015, Defendants filed a Bill of Costs seeking to tax $1,184.02 against Plaintiff. Dkt. No. 60. Specifically, Defendants request reimbursement for the following expenses: (1) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" in the amount of $720.27; (2) "[f]ees and disbursements for printing" in the amount of $413.75; and (3) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" in the amount of $50.00. Id. at p. 1. Attached to the Bill of Costs, Defendants submitted an Affidavit of their counsel attesting to the truth and accuracy of these expenses (dkt. no. 60-1), as well as a

2

AO 72A
(Rev. 8/82)

copy of an invoice from a court reporter for the transcription-related expenses (dkt. no. 60-2).

On May 2, 2015, Plaintiff filed Objections to Defendants' Bill of Costs. Dkt. No. 61. In his Objections, Plaintiff asks the Court to consider his indigence in ruling on Defendants' Bill of Costs. Id. at ¶ 6. Plaintiff contends that while he did not file this action in forma pauperis, he has since become indigent due to his inability "to obtain employment [paying] what he made working for [Gateway]." Id. at ¶ 3. In his supporting Affidavit, Plaintiff explains that he did, in fact, obtain other employment after his termination from Gateway, but that he has since been laid off, denied unemployment benefits, and not hired for any other nursing positions in the area. Dkt. No. 64, ¶¶ 6, 8, 10, 12. Accordingly, Plaintiff attests that he "do[es] not have the money to pay the costs requested by Defendants." Id. at ¶ 15.

In their Response, filed May 7, 2015, Defendants maintain that Plaintiff cannot be considered indigent, given that he earned between $52,000 and $55,000 annually prior to his termination from Gateway and $8 per hour in the position that he obtained thereafter. Dkt. No. 62, pp. 1-2. Defendants further emphasize that Plaintiff is a college graduate, former Air Force officer, and registered nurse. Id. at p. 2. Based on these circumstances, Defendants contend that Plaintiff fails to

AO 72A
(Rev. 8/82)

demonstrate a true inability to pay, such that his financial status should not be considered in awarding costs. Id. at p. 3.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that a court should award costs to a prevailing party "[u]nless a federal statute, these rules, or a court order provides otherwise." Rule 54(d)(1) thus "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000).

The costs that are taxable against a nonprevailing party are defined in 28 U.S.C. § 1920 ("Section 1920") as follows:

> (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A court is bound by the limitations set forth in Section 1920 and, accordingly, may not tax costs not listed in that section, absent explicit statutory or contractual authorization to do so. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445

AO 72A
(Rev. 8/82)

(1987). The burden lies with the nonprevailing party to demonstrate that a requested cost is not taxable. Sensormatic Elecs. Corp. v. Tag Co. US, No. 06-81105, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009) (citing EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000)).

Although a court has discretion not to award full costs to the prevailing party, this discretion "is not unfettered." Chapman, 229 F.3d at 1039 (citing Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995)). Because Rule 54(d)(1) creates a presumption in favor of awarding costs, "the denial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Id. (alteration in original) (quoting Walters v. Roadway Express, Inc., 557 F.2d 521, 526 (5th Cir. 1977)). As such, to defeat this presumption and deny full costs, a court "must have and state a sound basis for doing so." Id. (citing Head, 62 F.3d at 354).

Relevant here is that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs." Id. Even so, the Court of Appeals for the Eleventh Circuit has determined that a court should take this factor into account only in "rare circumstances," because a "foundation of the legal system [is] that justice is administered to all equally, regardless of wealth or status." Id. (quoting Cherry v. Champion Int'l Corp.,

5

186 F.3d 442, 448 (4th Cir. 1999)). Thus, before a court may consider the financial status of a nonprevailing party, "it should require substantial documentation of true inability to pay." Id. (requiring that there be "clear proof of the non-prevailing party's dire financial circumstances"). Moreover, even where a court considers this factor, it nevertheless "may not decline to award any costs at all." Id.

This case does not present the type of "rare circumstances" contemplated by the Eleventh Circuit in Chapman. Plaintiff did not file this case in forma pauperis, and even if he had, this evidence alone would not establish his inability to pay Defendants' costs. See Ang v. Coastal Int'l Sec., Inc., 417 App'x 836, 839 (11th Cir. 2011) (finding that the plaintiff's affidavit and in forma pauperis status did not amount to substantial evidence of an inability to pay). Moreover, the record reflects that Plaintiff has held gainful employment—earning up to $55,000 per year—in the recent past; has qualifications and experiences that lend themselves to future employment in nursing or another field; and is actively applying for other nursing positions in the community. See Dkt. Nos. 62, 64. On this evidence, the Court cannot find that Plaintiff demonstrates such dire financial circumstances so as to warrant considering his financial status as a factor in awarding costs to Defendants. Cf. Anderson v. Columbia Cty., No. CV112-031,

2015 WL 1959083, at *2-3 (S.D. Ga. May 1, 2015) (finding substantial documentation of the plaintiffs' inability to pay, based on evidence that one plaintiff was a decedent's estate with no assets, and the other an elderly woman receiving only social security benefits going almost entirely to her long-term care facility); Daughtry v. Army Fleet Support, LLC, No. 1:11CV153-MHT, 2014 WL 466109, at *4 (M.D. Ala. Feb. 5, 2014) (finding an inability to pay based on the plaintiff's affidavit that he was unemployed, undergoing foreclosure proceedings, lacked health insurance, and could not afford necessary medication).

Turning to Defendants' Bill of Costs, it appears that Defendants' expenses fall within the ambit of costs reimbursable under Rule 54(d)(1). See Fed. R. Civ. P. 54(d)(1). Indeed, Defendants request costs that are explicitly enumerated under Section 1920: (1) $720.27 for costs relating to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; (2) $413.75 for "[f]ees and disbursements for printing"; and (3) $50.00 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Dkt. No. 60, p. 1; see also 28 U.S.C. § 1920(2)-(4). Moreover, Defendants' requested costs appear to be accurate and reasonable, based on the affidavit of their counsel and the

invoice submitted therewith. See Dkt. Nos. 60-1 to -2. Significantly, Plaintiff does not dispute the Bill of Costs on these grounds. Thus, Defendants' Bill of Costs reflects the amounts properly taxable to Plaintiff as the nonprevailing party pursuant to Rule 54(d)(1).

## CONCLUSION

Based on the foregoing, Plaintiff's Objections to Defendants' Bill of Costs (dkt. no. 61) are **OVERRULED**. Defendants' Bill of Costs (dkt. no. 60) is **GRANTED**, and the Clerk of Court is **DIRECTED** to tax the following costs against Plaintiff:

| | |
|---|---:|
| Fees paid for printed transcripts: | $720.27 |
| Fees paid for printing: | $413.75 |
| Fees paid for making copies: | $50.00 |
| Total: | $1,184.02 |

**SO ORDERED**, this 23RD day of October, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)